*94 N. J. L.* State v. Langhans.

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY F. LANGHANS, PLAINTIFF IN ERROR.

Submitted December 4, 1919—Decided April 9, 1920.

A person is not disqualified as a juror because he has been subpœnaed as a witness in the case.

On error to the Union County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *Abe J. David.*

For the state, *Walter L. Hetfield, Jr.*, prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error was convicted upon an indictment charging him with the embezzlement of moneys of the borough of Roselle Park, alleged to have been received by him as collector of that borough.

The principal assignment of error is directed at the action of the trial court in sustaining a challenge for cause interposed by the prosecutor of the pleas during the drawing of the jury. The juror was Benjamin W. Brown, and when his name was drawn from the box the prosecutor stated to the court that he was the assessor of the borough of Roselle Park, and was under subpœna by the state, and then said, "I challenge him for cause for that reason." Counsel for the defendant then contended that the challenge should not be sustained, because the fact stated showed no legal ground for excluding the juror. The prosecutor replied: "My ground is that we cannot use a juror as a witness." The court thereupon ruled that the challenge was good for the ground stated. An exception was thereupon asked and allowed.

Under the common law of England a person was not disqualified as a juror because he had been summoned as a witness in the cause. And this principle of the law was recognized as being applicable in criminal as well as in civil cases. *Rex* v. *Rosser*, 7 *Car. & P.* 648. The rule in New Jersey is that established by the common law. In the case of *State* v. *Spencer*, 21 *N. J. L.* 196, 199, Chief Justice Hornblower declared that "a bystander who witnesses a homicide, or any other breach of the peace, is a perfectly competent juror, as much so as a witness to a bond or other contract between private parties would be on a trial concerning such bond or contract. It is a common occurrence, both in civil and criminal causes, to see jurors on the panel called as witnesses to prove some material facts in their knowledge relating to the matter in question." The existence of this principle received early recognition by our legislature. In 1797, by the nineteenth section of "An act relative to juries and verdicts" (*Pat. L., p.* 261), the matter was regulated by a legislative declaration that "jurors, who know anything relating to the point in issue, shall, during trial disclose the same in open court" if called as witnesses; and that enactment has remained upon the statute book continuously until the present time. It is true that in the Revision of 1874 it was transferred to the Practice act, and became section 183 thereof, but such change of position in a general revision of the laws does not alter its significance. *Pomeroy* v. *Mills*, 37 *N. J. Eq.* 578. Much less does such a change operate to repeal the statutory provision *pro tanto.* And, so, in the absence of anything indicating a contrary intent it is not to be considered that it was the purpose of the legislature in transferring the provision of the act of 1797 to the Practice act to abrogate the common law principle, so far as it applied to criminal cases, and to limit it thereafter to civil litigation.

We conclude, therefore, that the trial court was in error in sustaining the challenge interposed by the prosecutor of the pleas. This court, in the case of *Patterson* v. *State*, 48 *N. J. L.* 381, 389, 390, declared such an error to be injurious to the

defendant and to require a reversal of the judgment; and that declaration is binding on this court.

As the case must go back for retrial, we deem it proper to say that we have examined each of the other assignments of error which have been argued by counsel and find them to be without merit. They do not, any of them, as we think, present questions the solution of which is sufficiently doubtful to justify particular discussion by the court.

The judgment under review will be reversed.